IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT NELSON HOWELL, JR.,**

**Petitioner,**

**v.**                                         **No. 16-077-DRH**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is Howell's January 22, 2016 28 U.S.C. § 2255 petition (Doc. 1). As Howell knows very well, this is not his first § 2255 petition. In fact, by the Court's count, this petition is the fourth petition that Howell has filed and titled as a petition pursuant to 28 U.S.C. § 2255.[1] The first filed on September 9, 2001. See *Howell v. USA*, 01-0607-DRH, Doc. 1. On May 16, 2002, the undersigned denied Howell's petition and judgment was entered. *Id*. at Docs. 9 & 10. Thereafter, Howell appealed to the Seventh Circuit Court of Appeals. *Id*. at 17. On October 10, 2003, the Clerk of the Court entered the Seventh Circuit Court of Appeals' Mandate denying Howell's appeal. *Id*. at 25.

Because Howell previously filed a § 2255 petition, his current petition is a

---

[1] Howell has a long history of repeated filings with this Court both in his closed criminal case, 98-30200-DRH, and the various other petitions seeking to overturn his criminal conviction. In fact, the Court has sanctioned Howell with a monetary fine and barred him from further filings. The Court need not recite or go into all the frivolous motions/pleadings as it is not necessary to decide this petition.

"second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

Howell has not provided the Court with authorization to proceed from the Seventh Circuit Court of Appeals and the Court does not have the power to authorize Howell's second or successive motion. Thus, the Court **DISMISSES** for lack of subject matter jurisdiction Howell's second or successive § 2255 petition.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it

Page **2** of **3**

debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). This Court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this Court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Howell's second or successive 28 U.S.C. § 2255 petition and **DECLINES** to issue a certificate of appealability.

　**IT IS SO ORDERED.**

Signed this 28th day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.28 17:42:29 -06'00'

**United States District Court**